# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (RICHMOND DIVISION)

| | | |
|---|---|---|
| **In re** | : | |
| | : | |
| **ERIC NEIL SCHMIDT,** | : | Case No. 24-31726-KRH |
| | : | (Chapter 13) |
| | : | |
| **Debtor.** | : | |
| | : | |

## OBJECTION OF ABBERLY AT SOUTHPOINT, LLC
## TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Abberly at Southpoint, LLC ("Landlord"), by its attorneys, Offit Kurman, P.A., objects to confirmation (the "Confirmation Objection") of the Chapter 13 Plan (DE 2) (the "Plan") filed by the debtor Eric Neil Schmidt (the "Debtor"). In support of its Confirmation Objection, Landlord states as follows:

1. The Debtor filed this chapter 13 bankruptcy case on May 3, 2024 (the "Petition Date).

2. Landlord leases premises located at 10506 Abberly Village Lane, Apt. 706, Fredericksburg, VA, 22407 (the "Premises") to the Debtor and co-debtor Debra West pursuant to an Apartment Lease Contract dated March 5, 2023 (the "Lease"). A copy of the Lease is attached as Exhibit 1. The monthly rent is $1,863.00. *See*, Lease (Exhibit 1), at p.1, ¶ 6. The term of the Lease begins on March 8, 2023 and expired on June 7, 2024 for an initial term of 16 months (the "Term"). *Id*., at p. 1, ¶ 3. At the conclusion of the Term, the Lease became a month-to-month lease, terminable by either party on 60 days' notice. *Id.*

Stephen Nichols, Esq.
Offit | Kurman, PA
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD  20814
PHONE: (240) 507-1700
FAX: (240) 507-1735
EMAIL: snichols@offitkurman.com
Counsel to MCP-Randle Associates, LP

3. The Debtor has been behind on rent virtually from the outset of his tenancy. His balance due as of the Petition Date was $19,277.95. *See*, Rent Ledger (Exhibit 2). The Debtor has failed to pay any rent since the Petition Date. *Id.* As of the date of this Confirmation Objection, the Debtor is in arrears in the amount of $23,628.59, including $4,350.64 since the Petition Date.

4. On the Petition Date, the Debtor filed his Plan. The Plan proposes to assume the Lease. *See*, Plan, at paragraph 7 (B). The Plan states that there is a pre-petition arrearage of $17,000 and proposes to cure the arrearage on the month-to-month Lease by *pro rata* payments over a period of 48 months. *Id.*, at paragraph 7 (B).

5. Landlord objects to confirmation of the Plan and assumption of the Lease under the terms specified in the Plan. Bankruptcy Code section 365 (a) permits the Debtor to assume an unexpired lease. Section 365 (b) requires, at the time of lease assumption, that a debtor "cures, or provides adequate assurance that the trustee will promptly cure, such default …" The Plan's proposed cure of the arrearage owed to Landlord under the month-to-month Leased over a 48-month period does not constitute "adequate assurance" of a "prompt cure" within the meaning of section 365. Generally, a cure of an arrearage under a residential property lease is not considered "prompt" unless the arrearage is cured within six months. *In re Morgan*, 181 B.R. 579, 587-588 (Bankr.N.D.Ala. 1994). Nor may a chapter 13 plan propose a cure period longer than the remaining term of the lease to be assumed. *In re Allison*, 1995 WL 930889 (Bankr.E.D.Va. 1995). Landlord objects to confirmation of the Plan for these reasons alone.

Stephen Nichols, Esq.
Offit | Kurman, PA
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD  20814
PHONE: (240) 507-1700
FAX: (240) 507-1735
EMAIL: snichols@offitkurman.com
Counsel to MCP-Randle Associates, LP

6. Moreover, as demonstrated in the Rent Ledger attached as Exhibit 2, the correct amount of the Debtor's pre-petition arrearage under the Lease was $19,277.95, not $17,000. Without prejudice to its other objections to confirmation of the Plan, Movant also objects to assumption of the Lease unless all amounts due under the Lease as of the Petition Date are fully paid no later than 6 months from the date of confirmation of a plan herein and unless all post-petition amounts due ($4,350.64 as of July 1, 2024) are paid on or before confirmation of the Plan.

WHEREFORE, Landlord requests the entry of an order:

a. Denying confirmation of the Plan; and,

c. Granting Landlord such other and further relief to which it is entitled.

Date: July 1, 2024.

ABBERLY AT SOUTHPOINT, LLC
By Counsel

OFFIT | KURMAN, P.A.

By: /s/ Stephen Nichols
Stephen Nichols
Va. Bar No. 32443
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD 20814

PHONE: (240) 507-1700
FAX: (240) 507-1735
EMAIL: snichols@offitkurman.com

Stephen Nichols, Esq.
Offit | Kurman, PA
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD 20814
PHONE: (240) 507-1700
FAX: (240) 507-1735
EMAIL: snichols@offitkurman.com
Counsel to MCP-Randle Associates, LP

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2024 a copy of the foregoing Confirmation Objection was served electronically as a result of the e-filing of the Confirmation Objection (or was served by first-class mail where indicated) on the following:

Martin C. Conway, Esq.
1320 Central Park Blvd.
#200
Fredericksburg, VA  22401

Gerard E. Vetter, Esq.
Office of the US Trustee – Region 4
701 E. Broad Street
Suite 4304
Richmond, VA  23219

Suzanne E. Wade, Esq.
Chapter 13 Trustee
7202 Glen Forest Drive
Suite 202
Richmond, VA  23226

                                            /s/ Stephen Nichols
                                            Stephen Nichols, Esq.

Stephen Nichols, Esq.
Offit | Kurman, PA
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD  20814
PHONE: (240) 507-1700
FAX: (240) 507-1735
EMAIL: snichols@offitkurman.com
Counsel to MCP-Randle Associates, LP